UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HAASHIM ANDREWS,

                                                         Plaintiff,                  **FIRST AMENDED**

                     -against-                                    **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER      14 CV 4845 (JBW) (JO)
JONATHAN MARTINEZ, tax # 953059, SERGEANT
TAEJIN LIM, tax # 928647, LIEUTENANT JAMES    Jury Trial Demanded
GEBBIA, tax # 934915, SERGEANT JOSEPH EDMUND,
shield # 1004, POLICE OFFICER JAMES MCSHERRY,
shield # 27896, POLICE OFFICER JOSEPH
SFERRAZZA, shield # 19468, POLICE OFFICER
KRISTIN COSCIA, shield # 29268, POLICE OFFICER
CARLOS PONCE, shield # 19531, POLICE OFFICER
RAYMOND HERNANDEZ, shield # 1074, POLICE
OFFICER JOEL RODRIGUEZ, shield # 16835, POLICE
OFFICER ALAN YE, shield # 1313,

                                                   Defendants.

------------------------------------------------------------------------ x

        Plaintiff HAASHIM ANDREWS, by his attorney RICHARD CARDINALE, alleges as follows:

## PRELIMINARY STATEMENT

        1.     This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers violated his rights under 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution by retaliating against him for engaging in free speech, using unreasonable force on him, falsely arresting him, and denying him a fair trial.  Plaintiff also alleges false arrest, assault and battery under New York state law.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery, and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

7. Plaintiff testified at a 50-h hearing.

8. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

9. Plaintiff is a resident of the State of New York, County of Kings.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

12. On February 21, 2014, plaintiff was visiting his sister Valerie Andrews and his nephew Maurice Andrews, who reside at 254 Ralph Avenue in Brooklyn.

13. At approximately 10:45 p.m., Maurice Andrews, who had been with friends outside, came home and stated that he was being harassed by New York City Police Officers.

14. Plaintiff exited the apartment, entered the hallway and observed Officer Jonathan Martinez and two other police officers arresting two of Maurice Andrews' friends.

15. In a peaceful and non-threatening manner, plaintiff asked the officers what had occurred between them and Maurice Andrews.

16. Officer Martinez responded, "I don't have to answer you, get out of my face."

17. Plaintiff asked Officer Martinez the reason why he was being hostile.

18. Officer Martinez responded, "Suck my dick, get out of my face nigger."

19. Plaintiff followed Officer Martinez for the purpose of obtaining his name and badge number so that he could file a complaint against him.

20. Plaintiff and Officer Martinez eventually exited the building.

21. When Officer Martinez observed that plaintiff was outside with him, Martinez turned around, charged toward plaintiff and stated, "You're under arrest, turn the fuck around you Goddamn idiot, you don't ask me any fucking questions."

22. Officer Martinez then grabbed plaintiff, turned him around and pushed him toward an iron fence.

23. Although plaintiff was not fighting with Officer Martinez or resisting arrest, other police officers at the scene including Sergeant Taejin Lim, Lieutenant James Gebbia, Sergeant Joseph Edmund, Police Officer James McSherry, Police Officer Joseph Sferrazza, Police Officer Kristin Coscia, Police Officer Carlos Ponce, Police Officer Raymond Hernandez, Police Officer Joel Rodriguez and Police Officer Alan Ye (the "officers") joined Officer Martinez and pushed plaintiff toward and against the iron fence.

24. Plaintiff grabbed the iron fence for his safety because some of the officers were attempting to push him over the fence.

25. While plaintiff was up against the fence, some of the officers struck plaintiff including, but not limited to, Officer Martinez who punched plaintiff two or three times in his face, a second officer who punched plaintiff two or three times in his body, and a third officer who violently grabbed plaintiff's head in an attempt to place plaintiff in a headlock. Those officers who did not strike plaintiff observed plaintiff being beaten but they failed to intervene for the purpose of protecting plaintiff.

26. While the aforesaid use of force was occurring, plaintiff stated to the officers, "I'm not resisting, I'm not resisting, stop punching me."

27. The aforesaid use of force caused plaintiff to suffer pain, swelling and bruising.

28. In order to retaliate against plaintiff for his exercise of free speech, Officer Martinez and some of the other officers arrested plaintiff without probable cause, handcuffed him, placed him in a van, and transported him to the 81st Precinct. Those officers who did not

participate in the arrest observed plaintiff being arrested for no reason but failed to intervene for the purpose of protecting plaintiff.

29. When plaintiff arrived at the 81st Precinct, he asked the desk officer for medical attention, but was ignored.

30. While plaintiff was in the 81st Precinct, Officer Martinez, with the approval of the other officers involved in plaintiff's arrest, completed arrest paperwork charging plaintiff with various crimes.

31. After Officer Martinez completed plaintiff's arrest paperwork, plaintiff was taken to Brooklyn Central Booking to await arraignment.

32. While plaintiff was held in Brooklyn Central Booking, Officer Martinez, with the approval of the other officers involved in plaintiff's arrest, misrepresented to the Kings County District Attorney's Office that plaintiff had committed various crimes and encouraged prosecutors to file false criminal charges against plaintiff.

33. On February 22, 2014, Officer Martinez, with the approval of the other officers involved in plaintiff's arrest, signed a criminal court complaint falsely charging plaintiff with obstructing governmental administration, resisting arrest, attempted assault, disorderly conduct, and harassment.

34. On February 22, 2014, approximately 24 hours after being taken into custody, plaintiff was arraigned in criminal court and released on his own recognizance.

35. On May 27, 2014, plaintiff appeared in criminal court and the prosecution offered plaintiff an adjournment in contemplation of dismissal, which plaintiff accepted.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 24 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, and pain, bruising and swelling.

## FIRST CLAIM

### (VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH)

(Against the Individual Defendants)

37. Plaintiff repeats the foregoing allegations.

38. Plaintiff exercised free speech during the incident in question by questioning defendant Martinez's actions.

39. Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon, arrest and prosecute plaintiff.

40. Accordingly, defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## SECOND CLAIM

### (UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

41. Plaintiff repeats the foregoing allegations.

42. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain, bruising and swelling.

43. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

44. Plaintiff repeats the foregoing allegations.

45. At all relevant times, plaintiff did not commit a crime or violation.

46. Despite plaintiff's innocence, the defendants arrested plaintiff.

47. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

48. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for falsely arresting him.

## FOURTH CLAIM

### (DENIAL OF A FAIR TRIAL UNDER THE SIXTH AMENDMENT)

(Against the Individual Defendants)

49. Plaintiff repeats the foregoing allegations.

50. Defendants maliciously misrepresented to prosecutors that plaintiff had committed several crimes.

51. Defendants' misrepresentations deprived plaintiff of liberty.

52. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

(Against the Individual Defendants)

53. Plaintiff repeats the foregoing allegations.

54. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the First, Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

55. Accordingly, the defendants are liable to plaintiff under the First, Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's rights under those amendments.

## SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

(Against the Individual Defendants)

56. Plaintiff repeats the foregoing allegations.

57. At all relevant times, plaintiff did not commit a crime or violation.

58. Despite plaintiff's innocence, the defendants arrested plaintiff.

59. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

60. Accordingly, the defendants are liable to plaintiff under New York state law for falsely arresting him.

## SEVENTH CLAIM

### (ASSAULT)

(Against the Individual Defendants)

61. Plaintiff repeats the foregoing allegations.

62. Defendants' use of force upon plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

63. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## EIGHTH CLAIM

### (BATTERY)

(Against the Individual Defendants)

64. Plaintiff repeats the foregoing allegations.

65. Defendants' use of force upon plaintiff constituted offensive and nonconsensual physical contact which injured plaintiff.

66. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## NINTH CLAIM

### (VICARIOUS LIABILITY)

(Against the City of New York)

67. Plaintiff repeats the foregoing allegations.

68. The individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

69. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: November 25, 2014

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

10