UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HAASHIM ANDREWS,

            Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
JONATHAN MARTINEZ, tax # 953059, SERGEANT
TAEJIN LIM, tax # 928647, LIEUTENANT JAMES
GEBBIA, tax # 934915, SERGEANT JOSEPH EDMUND,
shield # 1004, POLICE OFFICER JAMES MCSHERRY,
shield # 27896, POLICE OFFICER JOSEPH
SFERRAZZA, shield # 19468, POLICE OFFICER
KRISTIN COSCIA, shield # 29268, POLICE OFFICER
CARLOS PONCE, shield # 19531, POLICE OFFICER
RAYMOND HERNANDEZ, shield # 1074, POLICE
OFFICER JOEL RODRIGUEZ, shield # 16835, POLICE
OFFICER ALAN YE, shield # 1313,

     14 CV 4845 (JBW) (JO)

            Defendants.

------------------------------------------------------------------------ x

**PLAINTIFF'S COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

**PRELIMINARY STATEMENT**

   This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers violated his rights under 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution by retaliating against him for engaging in free speech, using unreasonable force on him, falsely arresting him, and denying him a fair trial. Plaintiff also alleges false arrest, assault and battery under New York state law. In the complaint, plaintiff sought unspecified compensatory and punitive damages.

On March 26, 2015, defendants, with the exception of defendant Jonathan Martinez, issued an offer of judgment, pursuant to Fed. R. Civ. P. 68, offering plaintiff $15,001, plus reasonable attorney's fees, expenses and costs up to March 26, 2015. Plaintiff accepted the offer of judgment in a timely manner. Plaintiff will be receiving $15,001 in full satisfaction of his claims against all defendants, except for Jonathan Martinez, and has assigned all attorney's fees and costs awarded by a court or paid by defendants to me. I took this case on a contingency fee basis and advanced all litigation expenses which included the $400 civil case filing fee, a $280 fee for service of process of the summons and amended complaint, and $16 in photocopying the summons and amended complaint for service on multiple defendants.

I now move for an award of attorney's fees and costs in the amount of $18,085.62.

## ARGUMENT

**A.  Legal Standard**

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983); *see, e.g.*, *Torres v. City of New York*, No. 07 Civ. 3473, 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008); *Wise v. Kelly*, 620 F. Supp. 2d 435 (S.D.N.Y. 2008), *Report & Recommendation Adopted*, No. 05 Civ. 5442, 2008 U.S. Dist LEXIS 12838 (S.D.N.Y. Feb. 21, 2008). In *Perdue v. Kenny A.*, the Supreme Court stated that this "lodestar" method of calculating fees is "the guiding light of our fee-shifting jurisprudence" because it is "readily administrable" and "objective." 559 U.S. 542, 551-52, 130 S.Ct. 1662, 1672 (2010) (internal

quotes and citations omitted). "[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Id.* at 552.[1]

A reasonable hourly rate is ordinarily determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541 (1984)). The relevant "community" from which this rate should be derived is "the district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.,* 722 F.2d 23, 25 (2d Cir. 1983). Courts may rely upon its own knowledge of private firm hourly rates in deciding what reasonable rates are in the community. *See Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987); *Wise v. Kelly,* 620 F. Supp. 2d at 442; *J & J Sports Productions, Inc. v. Rojas*, No. 07 Civ. 884, 2008 WL 2622825, at *5 (S.D.N.Y. July 2, 2008).

A reasonable hourly rate for experienced civil rights lawyers bringing cases in the Eastern District is $425.[2] *See Blount v. City of New York*, No. 11 CV 0124, 2011 WL 8174137

---

[1] In *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 190 (2d Cir. 2008), the Second Circuit called for abandoning the term "lodestar" in favor of the "presumptively reasonable fee," which could be determined by considering the twelve factors set forth by the Fifth Circuit in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92-93, 96, 109 S.Ct. 939 (1989). In light of the *Perdue* Court's endorsement of the lodestar method and statements that the *Johnson* factors are "'subjective,'" "'g[i]ve very little actual guidance to district courts'" and "'produce[] disparate results,'" *see* 559 U.S. at 550-51 (citation omitted), I submit that *Arbor Hill* is no longer good law. *See Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514 n.4 (S.D.N.Y. 2011) ("The Supreme Court's *Perdue* opinion appears to cast doubt on the viability of the Second Circuit's 2008 opinion in *Arbor Hill* … which relied on among other factors, the *Johnson* factors.").

[2] "[I]t is long established that 'courts should not automatically reduce the reasonable hourly rate based solely on an attorney's status as a solo practitioner.'" *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 143 (2d Cir. 2007) (*quoting McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 98 n.6 (2d Cir. 2006)).

(E.D.N.Y. Aug. 11, 2011) (awarding a $425 hourly rate to an attorney with an office in Brooklyn with over fifteen years of experience who has appeared in over 150 federal lawsuits); *Thorsen v. County of Nassau*, No. 03 CV 1022, 2011 WL 1004862, at *5 (E.D.N.Y. Mar. 17, 2011) (finding $450 to be a reasonable rate for a partner with an office in Nassau County) (collecting cases).

I seek an hourly rate of $425. In 2003, a federal court in this District awarded me an hourly rate of $250 in a civil rights case after noting that I "ha[ve] been practicing for approximately 12 years and ha[ve] significant experience in civil rights cases and civil and criminal trial work." *Matthews v. City of New York,* No. 01 CV 2739 , U.S. Dist. LEXIS 16334, at **16-17 (E.D.N.Y. Aug. 22, 2003). Also in 2003, the same court in *Neilson v. D'Angelis* awarded me an hourly rate of $250 for non-trial work and $300 for trial work. No. 00 Civ. 6106, 2003 U.S. Dist. LEXIS 21157, at *16 (E.D.N.Y. Nov. 20, 2003), *reversed on other grounds*, 409 F.3d 100 (2d Cir. 2005).

Given the cost of inflation and the additional experience that I have obtained since 2003, an increase to a $425 hourly rate is reasonable.

I have the experience and qualifications to command an hourly rate of $425. My accompanying declaration shows that I graduated law school *cum laude* in 1991, that I have been litigating civil rights and employment cases in the Southern and Eastern Districts and the Second Circuit since 1995 and that I have tried approximately thirty federal civil cases to verdict.

The Electronic Case File ("ECF") system shows that I have been counsel in 383 civil rights and employment cases in the Eastern District of New York and counsel in 241 civil rights and employment cases in the Southern District.

A Westlaw search of my name shows that my motion and appellate practice in federal court has resulted in the issuance of 75 published decisions.

Accordingly, I should be awarded an hourly rate of $425.[3]

**B.      The Fees and Costs Sought are Reasonable**

As shown by the contemporaneous time records annexed as Exhibit 1 to my declaration, I should be awarded fees and costs in the amount of $18,085.62.

The requested fee is reasonable even though it exceeds the monetary amount obtained by plaintiff. The Supreme Court has rejected a "rule of proportionality", *i.e.,* proportionally linking the prevailing plaintiff's attorney's fee to the amount of damages a civil rights plaintiff actually recovers. *City of Riverside v. Rivera*, 477 U.S. 561, 574, 578, 106 S.Ct. 2686 (1986). "Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief." *Id.* at 575.

> A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting §1988. Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights. In order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case.

---

[3] In accordance with case law, I have reduced my hourly rate by 50% for time spent traveling. *See Luciano v. Olsten Corp.,* 925 F. Supp. 956, 965 (E.D.N.Y. 1996), *aff'd*, 109 F.3d 111 (2d Cir. 1997); *Tlacoapa v. Carregal,* 386 F. Supp. 2d 362, 373 (S.D.N.Y. 2005).

5

*Id.* at 578; *see id.* at 564-65 (upheld an award of $245,456.25 in fees although plaintiffs had recovered only $33,350 in compensatory and punitive damages); *see also Millea v. Metro-N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) ("[C]alculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery.") (emphasis in original); *Cowan v. Prudential Ins. Co.*, 935 F.2d 522, 526 (2d Cir. 1991) ("A presumptively correct 'lodestar' figure should not be reduced simply because a plaintiff recovered a low damage award"); *Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 98 (2d Cir. 1997) (the mere fact that the fee sought exceeds the plaintiff's recovery does not preclude an award based upon the lodestar calculation); *Porzig*, 497 F.3d at 142 ("the contingency fee may not serve as a cap on an attorney fee award") (citing *Blanchard*, 489 U.S. at 90); *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 426 (2d Cir. 1999) (use of the lodestar method is in accord with the well established principal that "'a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms'' as well as with Congress' intent to attract "effective legal representation" even to those claims where monetary compensation is small) (quoting *Blanchard*, 489 U.S. at 96); *Peacock v. Schwartz*, 154 F. Supp. 2d 428, 431 (E.D.N.Y. 2001) ("[T]here are numerous cases awarding attorneys' fees well in excess of the damages awarded.") (collecting cases including *Grant v. Bethlehem Steel Corp.*, 973 F.2d 96, 101-02 (2d Cir. 1992) (fee award of $245,456.25 after $60,000 settlement), *cert. denied*, 506 U.S. 1053, 113 S.Ct. 978 (1993)). *Brown v. Starrett City Associates*, No. 09 CV 3282 (JBW) (RLM), 2011 WL 5118438 (E.D.N.Y. Oct. 27, 2011) (awarding $80,610 in attorney's fees to a plaintiff in a civil rights case who was awarded $500 by a jury).

For the foregoing reasons, the Court should award me attorney's fees and costs in the amount of $18,085.62. The costs are the $400 civil case filing fee, a $280 fee for service of process of the summons and amended complaint, and $16 in for photocopying the summons and amended complaint for service on the 11 police officer defendants.

**C.     Fees Incurred In Making This Motion**

Courts have awarded attorney's fees for the time spent preparing a motion for fees and costs in connection with an offer of judgment. *See Wise v. Kelly*, 620 F. Supp. 2d at 463; *Tucker v. City of New York*, 704 F. Supp. 2d 347, 358 (S.D.N.Y. 2010); *Rosado v. City of New York*, No. 11 CV 4285, 2012 U.S. Dist. LEXIS 35249, at *22-23 (S.D.N.Y. Mar. 14, 2012). I request an award of attorney's fees for the time spent on this motion and will submit contemporaneous time records after reading defendants' opposition papers and preparing a reply brief.

## **CONCLUSION**

The Court should award me attorney's fees and costs in the amount of $18,085.62. Moreover, the Court should award me fees in amount to be determined for the time spent preparing my motion for fees and costs.

DATED:  April 14, 2015

/s/
_____
RICHARD CARDINALE
Attorney for Plaintiff
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391